McKinney, J.,
delivered the opinion of the Court.
This was an action of ejectment in the Circuit Court of Madison; verdict and judgment were for the defendant, and the plaintiffs appealed in error.
On the trial, the plaintiffs exhibited and offered to read, as a link in their chain of title, a deed of conveyance covering the premises, described in the declaration, purporting to have been executed by Daniel Piver and Jane Piver his wife, to James Hart, on the 26th of May, 1825. The defendant, by his counsel, objected to the reading of said deed, as the deed of the feme covert; and the Court sustained the objection, but permitted it to be read as the deed of the husband alone. And the only question is, did the Court err in the determination of this point ?
The ground of the objection is, that the probate and privy examination of the wife, as shown by the certificates of the clerk attached to the deed, were not taken as required by law, in order to divest the estate of a feme covert.
It is certainly true, that the deed of a feme covert does not bind' her, or pass her estate unless executed in substantial compliance with the formalities required by law; and the first enquiry for our consideration in the present case, is, was the deed in question so executed?- and, if not, secondly, is the objection obviated by the act of 1839, ch. 26, § 9?
1. The validity of the probate and privy examina *518 tion is to be determined by the act of 1813, ch. 79, (2 Scott’s Rev. 146.) Piver and wife were residents of Carteret county, North Carolina. The certificates of the clerk of the Court of Pleas and Quarter Sessions for said county of Carteret, attached to said deed, show, that at the September Term of that Court, 1830, the deed was proved in open Court, by Hunt and Frazier, the subscribing witnesses; that a commission was issued by order of the Court, to take the private examination of the feme covert; and that the same was returned at the ensuing term of the Court, properly executed; all which was ordered to be certified under the seal of the Court. The deed together with the certificates of the clerk, the certificate of the presiding justice of the Court, the commission to take the private examination of the feme covert, and the return thereon, were registered in the Register’s office of Madison county, in this State, where the land is situate, on the 18th day of October, 1831, more than twenty years before the commencement of the present action. It is sufficiently apparent from the statement of facts contained in the certificates of the clerk — if certified in the proper manner — that the probate of the deed, and private examination of the jeme covert, were in all respects regular, and in conformity with the requirements of the act of 1813: and sufficient to divest the married woman of her estate, and to entitle the deed to be registered in this State.
The objection that the commission issued without authority, to take the examination of the wife, because it is not shown that she was “ aged or infirm,” so as to be unable to attend the Court, is, in our opinion *519 ■untenable. The commission upon its face recites the fact, that it was represented to the Court, “ that Jane Fiver, wife of Daniel Piver, is so infirm that she cannot travel to the said Court,” &c. This commission is not the mere ministerial act of the clerk; it is a set form incorporated into the act of 1751, ch. 3, § 4, (1 Scott’s Rev. 83;) its issuance is by the order •of the Court, and in every proper sense, is the act of the Court; and the recitals and statement of facts therein contained, cannot be collaterally questioned or impeached; and the recital in the commission of the ground upon which it issued — the infirmity of the feme covert, which disabled her to attend the Court in person — is entitled to all the^consideration and effect, that a recital of the same faet, in the entry upon the minutes of the Court, directing the issuance of the commission, would have been entitled to.
The objection to the probate in the present ease, is, that the clerk, in his certificates, does not give copies of the record of the Court, of the orders of probate, the issuance of the commission, and the return thereof; but merely a statement of his own, as to what took place. It was held in McIver's lessee vs. Clay, 9 Yerg. 257, that a certificate of probate in this form, was insufficient and did not entitle the deed to registration.
This decision, which, it was apprehended might tend to disturb the titles to real estate to a great extent, probably led to the passage of the act of 1839, ch. 26.
2. And this brings us to the question, whether the ninth section of that act applies to and obviates the *520 objection to the probate of the deed under consideration.
This section of the acts may be thought by some to be a strong exercise of legislative power. Be .this as it may, however, no question can be raised as to its validity. Being confined merely to the remedy, and not affecting vested rights, it steers- clear of the constitutional objection against retrospective legislation». And falling clearly within the competence of the legislative power, it is the duty of the Courts to carry its provisions into effect, according to their proper import and meaning. It was to meet and to cure, perhaps, every case of defective probate, declared such by the Courts, in a long' series of judicial determina*-tions. And after providing for various specific cases, including the case of a clerk’s certificate which “ does not purport to be -a transcript from the minutes” of the Court, it contains the following general provision: “ And whenever a deed has been registered twenty years or more, the same shall be presumed to be upon lawful authority; and the probate shall be good and effectual, though the certificate on which the same has been registered has not been transferred to the Register’s book; and no- matter what has been the form of the certificate of probate or acknowledg-ment.”
• The provisions of this section, it is argued, do not, in terms, apply to a deed executed by a feme covert; and ought not to- be so applied by construction. We are aware of no rule of construction applicable- to a statute of this nature, that warrants such a conclusion. The principle of this statute, is simply the principle1 of *521 the ordinaxy statutes of limitation, differently applied. And the doctrine is well established at this day, that a statute of limitations runs against all persons, not in express terms excepted from its operation; and, consequently infants and maiTied women are barred if there be no saving clause or exception in their favor. {Angel on Lim. 204, 205.) The established rule is, that the general words of a statute are to receive a general contraction; and unless there can be found in the statute itself, some ground for restraining it, it cannot be restrained by arbitrary judicial decision. — lb.
The necessity and policy of the law are, in our view, alike applicable to the deeds of married women as to other persons; and we perceive no just reason why they should be exempted from its operation. No legislation, perhaps, in the present condition of the eountry, is more urgently demanded, or more universally sanctioned, or promotive, in a higher degree, of the general interests of the community, than that which has for its object the security of 'titles to real estate and quieting long possession of the soil.
The result of our opinion is, that the ninth section of the act of 1839, ch. 26, applies to the deed under consideration, and removes the objection to the probate, both as to the husband and wife.
Judgment reversed and the case remanded.